## JOHN RATHBONE *versus* SAMUEL RATHBONE.

Plea in abatement — that the writ, at the time when it was put into the officer's hands for service, and at the time when it was served, by attaching the property of the defendant, contained no count or declaration, nor was there any cause of action in any way or manner set forth — held sufficient on special demurrer.

DEBT. The defendant pleaded in abatement, that the writ, " at the time when it was put into the officer's hands for service, and at the time when it was served, by attaching the property of the said Samuel, contained no count or declaration ; nor was there any cause of action in any way or manner set forth."

The plaintiff demurred for the following causes ; —

1. Because the plea did not allege at what particular time the writ was put into the hands of the officer for service, nor when it was served by attaching property : —

2. Because the plea was double, in averring that there was no count, &c., in the writ, both at the time when it was put into the officer's hands and when it was served ; — also in averring that there was no count or declaration, nor any cause of action set forth in the writ : —

3. Because it was not averred that the writ contained no declaration when it was served, but only when it was served by attaching the defendant's property : —

4. Because it did not appear but that the writ did contain a count and declaration when the officer made his return thereon : — and

5. Because the plea was wholly informal, irregular and defective in various particulars.

*Ashmun* now made another objection to the plea, that it did *Sept.* 25th. not allege the writ to have been defective when it was sued out. The action was commenced at that time, and not when the writ was put into the officer's hands ; and the technical form is to refer to the commencement of the action. 2 Chit. Pl. 444 ; *Soc. Prop. Gos.* v. *Whitcomb*, 2 N. Hamp. R. 227 ; *Bemis* v. *Faxon*, 4 Mass. R. 263. The fact should have been averred directly, for in pleas in abatement nothing is left to intendment. Archb. Pl. 303.

Rathbone
*v.*
Rathbone.

But if the defendant had a right to refer the defect to a subsequent time, he should have alleged the precise day of putting the writ into the officer's hands, and of the service. Com. Dig. *Abatement, I* 24 ; *Ewer v. Moile,* Yelv. 141.

In regard to the second cause of demurrer, he said that a plea is double when either of two matters alleged is alone sufficient. Here, if the want of a declaration when the writ was served was fatal, the want of one when it was put .nto the officer's hands was likewise, and *vice versâ.* *Thayer* v *Rogers,* Johns. Cas. 152. A plea is double when the other party cannot make one answer to it. Here there may have been a declaration when the writ was put into the officer's hands, and not when it was served ; and *vice versâ.* The plea alleges too, that the writ contained no declaration nor any cause of action. If these mean the same thing, then the same defence is repeated ; which informality is fatal to a plea in abatement. But they do not mean the same thing. A declaration is a formal statement of the cause of action. In *assumpsit* upon an account annexed, if the account is left out, there is a declaration, but no cause of action ; and if the writ has only the account annexed, there is a cause of action but no declaration. The plea therefore is double.

The plea alleges that there was no declaration at the time of service by attaching property. It should have said, at the time of service generally. The attachment was only a commencement of the service. The plea leaves a presumption then, that when the service was completed, there was a declaration.

*Mills* and *Newcomb,* on the same side.

*Wells* and *Maxwell,* for the defendant, referred to *Brigham* v. *Este,* 2 Pick. 420, [2d ed. 425, n. 2.]

The opinion of the Court was drawn up by

*Oct. term, in Middlesex.*

PARKER C. J. We consider the plea in abatement good, notwithstanding the causes assigned in support of the special demurrer. It is immaterial what the writ contained when it was first filled, provided it did not contain any cause of action when put into the hands of the officer to be served, and when actually served ; for the question must always be, whether then when it was served it was a good writ so as

223

to hold the property attached. The allegation of there being no cause of action when it was put into the officer's hands for service, is surplusage and may be rejected; so that there is no duplicity. The want of an allegation of the time when it was put into the hands of the officer was immaterial. And as to the time of the service, it may be supplied by recurring to the return itself; as in the case of *Slayton* v. *Inhabitants of Chester*, 4 Mass. R. 478.

The other causes of demurrer were not insisted on, nor could they be with any reason, as they are involved in the two first.